## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LINDY-ANN BOURNE and
HANNAH TANNIS, individually
and on behalf of similarly              Case No. 2:21-cv-12983
situated persons,
                                        Hon.
              Plaintiffs,
                                        Magistrate Judge
v.

ACE HOMECARE                            COMPLAINT FOR CLASS AND
NETWORK, INC., and                      COLLECTIVE ACTION RELIEF
CORE REHAB SERVICES, INC.,

              Defendants.
_____
David M. Blanchard (P67190)
Frances J. Hollander (P82180)
BLANCHARD & WALKER, PLLC
Attorneys for Plaintiff
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com
_____

## FIRST CLASS AND COLLECTIVE ACTION COMPLAINT
## AND JURY DEMAND

## INTRODUCTION

1.     This is a collective action brought on behalf of individuals who are

classified by Defendants as caregivers and who perform or have performed caregiver

services at the assisted senior living facilities for Defendants' senior residents.

2.      Caregivers work in excess of forty hours a week, sometimes over one hundred hours in a week. Defendants compensate them using different business entities in an attempt to avoid paying them at the required overtime hourly rate of one and one half times their normal hourly rate.

3.      Defendant ACE reports the first 40 hours on a regular W2 payroll, Defendant CORE Rehab pays the remaining hours at straight time as if Plaintiffs are not employees.

4.      Plaintiffs work for Defendants ACE Homecare Network, Inc. ("ACE") and Core Rehab Services, Inc. ("CORE") to provide caregivers for residents at senior living facilities.   Defendants control the manner in which these services are performed, and Defendants benefit from the performance of these services. The individuals who perform these services, on whose behalf this collective and class action is brought, are denied the protections of state and federal wage and hour laws.

5.      Plaintiffs bring claims on behalf of themselves and a collective of similarly situated individuals (the "Caregivers") who have worked as caregivers for Defendants and who may opt-in to this case under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*  Defendants have violated the FLSA by administering a uniform policy of failing to pay these individuals one and one-half times their regular hourly rate for hours worked in excess of 40 hours per week.

## JURISDICTION AND VENUE

6.     This Court has general federal question jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

7.     Venue is proper in this Court because the events giving rise to this action took place in the district where Defendants do business, maintain a corporate presence, and have substantial contacts.

## PARTIES.

8.     Plaintiff Lindy-Ann Bourne ("Bourne") is an adult resident of Ann Arbor, Michigan who provided caregiver companionship and assisted services for residents of the American House senior living facilities for Defendants in Southeastern Michigan from July 2020 to the present.   Plaintiff Bourne consents to this action.  *See* Exhibit A.

9.     Plaintiff Hannah Tannis ("Tannis") is an adult resident of Washtenaw County who provided caregiver companionship and assisted services for residents of the senior living facilities for Defendants in Southeastern Michigan at American House, Carpenter Road in Ypsilanti.  Plaintiff Tannis consents to this action. *See* Exhibit B.

10.     Plaintiffs' job duties consist of providing companionship services, including transferring patients, bringing them food, dressing them, performing

incontinence checks, helping with showering, escorting them, and assisting them with medication.

11.    Defendant ACE Homecare Network, Inc. ("ACE") is a company having a principal place of business in Madison Heights, Michigan, out of which it provides caregiver services to businesses and individuals throughout southeastern Michigan, and serves as a subcontractor for American House senior living facilities.

12.    Defendant ACE is a Michigan for-profit corporation that conducts business throughout southeastern Michigan and has its registered office in Madison Heights, Michigan in this District.

13.    Defendant Core Rehab Services, Inc. ("CORE") is a company having a principal place of business in Troy, Michigan, out of which it provides caregiver services to businesses and individuals throughout southeastern Michigan, and serves as a subcontractor for American House senior living facilities.

14.    Defendant CORE is a Michigan for-profit corporation that conducts business throughout southeastern Michigan and has its registered office in Troy, Michigan in this District.

15.    Defendants operate under common ownership and control.

## COLLECTIVE DEFINITION

16.    Plaintiffs bring Count I of this action pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following collective of potential

FLSA opt-in litigants:

> All individuals in the State of Michigan who have provided caregiver services for Defendants, and who Defendants did not pay time-and-one-half overtime pay for hours worked greater than forty (40) hours per week at any time from the date three years prior to the filing of this action through the date of final judgment (the "Collective").

17.    Similarly-situated individuals may also choose to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

18.    Plaintiffs reserve the right to redefine the Collective prior to notice and certification and thereafter, as necessary.

## CLASS DEFINITIONS

19.    Plaintiffs bring Count II of this action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the following class of litigants:

> All individuals in the State of Michigan who have provided caregiver services for Defendants, and who Defendants did not pay time-and-one-half overtime pay for hours worked greater than forty (40) hours per week at any time on or after the date three years prior to the filing of this action through the date of final judgment (the "IWOWA Class").

20.    Plaintiffs bring Count III of this action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the following class of litigants:

> All individuals in the State of Michigan who have provided caregiver services for Defendant ACE and/or Defendant CORE and on whose behalf Defendants underreported or misreported regular W-2 wages filed fraudulent information returns at any point within the six years prior to this action through the date of a final judgment (the "FIR Class").

21.    Plaintiffs reserve the right to redefine the Classes prior to notice and

certification and thereafter, as necessary.

## **GENERAL ALLEGATIONS**

22.     Plaintiffs and a class and collective of similarly situated individuals (the "Caregivers") work as non-exempt hourly employees paid a set hourly wage for every hour worked.

23.     Defendants are in the business of providing caregivers who perform non-skilled companionship and assisted services for senior residents requiring such services.

24.     Plaintiffs and the Caregivers provided integral services to the business operations of Defendants.

25.     Plaintiffs and the Caregivers worked for Defendants providing caregiver services for more than 40 hours a week.

26.     Plaintiffs and the Caregivers were not paid time-and-a-half overtime premium for hours worked more than 40 in a week.

27.     Plaintiffs and the Caregivers were paid through Defendant ACE for a 40-hour week on regular W-2 payroll, and then Plaintiffs and the Caregivers were issued additional checks through CORE for straight hourly pay for all additional work hours over 40 in a workweek.

28.     During their employment with Defendants as a caregiver, Plaintiffs have routinely worked more than 40 hours per week, but they do not receive

overtime premium pay.

29.     Plaintiffs' paychecks are split and issued by two separate Defendants, ACE and CORE.

30.     Defendants alone decided which Caregivers were assigned to each location, so Plaintiffs and other similarly situated caregivers had no choice about which job location or shift that they will work.

31.     As a result of Defendants' requirement that Plaintiffs and other similarly situated caregivers work 5-7 days a week for shifts of 10-16 hours or more, the Caregivers regularly work well over forty hours each work week.

32.     Defendants failed to pay any overtime premium for hours worked over forty in a workweek.

33.     Defendants told Plaintiffs that they would not receive an overtime premium, yet required Plaintiffs and the Caregivers to work more than 40 hours per work week.

## COUNT I
## Unpaid Overtime Violation of
## The Fair Labor Standards Act of 1938 ("FLSA")

34.     Plaintiffs incorporate the foregoing allegations of this Complaint as if fully stated herein.

35.     Defendants are employers within the coverage of the FLSA, 29 U.S.C. § 203(d).

36.    Plaintiffs and the Caregivers are employees within the coverage of the FLSA, 29 U.S.C. § 203(d).

37.    Defendants are engaged in commerce as defined by the FLSA, 29 U.S.C. § 201 *et seq*.

38.    Defendants have revenues in excess of $500,000 per year during the time of Plaintiffs' employment with Defendants.

39.    Defendants were required to compensate Plaintiffs and others similarly situated at one-and-one-half times their regular hourly rate for hours worked in excess of 40 hours per week.

40.    Defendants willfully and knowingly refused to do so.

41.    Defendants' knowing and willful failure to properly pay time-and-a-half for hours worked more than forty (40) in a week to individuals performing caregiver services at their regular hourly rate violates the FLSA, 29 U.S.C. §201 *et seq*.

42.    The FLSA collective includes individuals that provided caregiver services for any Defendant and who were not paid an overtime premium for hours worked over 40 in a workweek, at any time since the date three years prior to filing this action.

43.    Defendants are liable to Plaintiffs and collective members for their unpaid wages, plus an additional equal amount as liquidated damages, together with

reasonable attorney fees and costs.

## COUNT II
## Unpaid Overtime
## Violation of Improved Workforce Opportunity Wage Act ("IWOWA")
## (Rule 23 IWOWA Class as against all Defendants)

44.     Plaintiffs incorporate the foregoing allegations of this Complaint as if fully stated herein.

45.     Plaintiffs and similarly situated individuals were/are employed in domestic service employment to provide companionship services as defined in 29 CFR 552.6.

46.     Plaintiffs and similarly situated individuals are *not* live-in companions within the meaning of 29 CFR 552.102.

47.     Defendants are employers within the coverage of the Improved Workforce Opportunity Wage Act ("IWOWA"), MCL 408.931 *et seq.*

48.     Plaintiffs are employees within the coverage of the IWOWA, MCL 408.931 *et seq.*

49.     Defendants are engaged in commerce as defined by IWOWA, MCL 408.931 *et seq*.

50.     Defendants were required under the IWOWA to compensate Plaintiffs and others similarly situated at one-and-one-half times their regular hourly rate for hours worked in excess of 40 hours per week.

51.     Defendants' knowing and willful failure to properly pay time-and-a-

half for hours worked more than forty (40) in a week to individuals performing caregiver services at their regular hourly rate violates the IWOWA, MCL 408.931 *et seq.*

52.     Defendants' refusal to pay overtime was knowing and willful.

53.     The Rule 23 IWOWA Class includes individuals that provided caregiver services at American Home facilities but were not paid an overtime premium for hours worked over 40 in a workweek, at any time since the date three years prior to filing this action.

54.     Defendants are liable to Plaintiffs and class members for their unpaid wages, plus an additional equal amount as liquidated damages, together with reasonable attorney fees and costs.

**COUNT III**
**False Information Return**
**(Rule 23 FIR Class against Defendants ACE Homecare and Core Rehab)**

55.     Plaintiffs incorporate the foregoing allegations of this Complaint as if fully stated herein.

56.     26 U.S.C. § 7434, provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

57.     Defendants engaged in predicate acts, including providing weekly

10

payroll checks "off the books" for all hours worked more than 40 in week, reporting employee hours worked on a 1099 rather than a W-2, and under-reporting state and federal wages with "off the book" checks to employees.

58.     The impact of the civil conspiracy was to avoid federal and state obligations for employee payroll, FICA, Social Security Contributions, Worker's Compensation Insurance, and other benefits.

59.     Defendants falsified W-2 and 1099 information filings with the IRS.

60.     The falsified W-2 filed by Defendant ACE makes it appear that employees received less wages than actually received and avoids employer taxes and contributions that otherwise would be due on Plaintiffs' full wages.

61.     The falsified 1099 generated by Defendant Core Rehab, misreports overtime wages as 1099 non-wage income, thereby further avoiding income tax and any tax contribution that would otherwise be due on behalf of Plaintiffs.

62.     Defendants conspired amongst each other to avoid overtime pay obligations, federal tax liability, state workers' compensation, and other legally required payments.

63.     Defendants did so by using multiple subcontracting entities to make it appear to government authorities as if they were not employing workers more than 40 hours a week.

64.     Defendants are liable to Plaintiffs and the Rule 23 FIR Class for the

greater of $5,000 for each false information return or the sum of (1) actual damages sustained by Plaintiffs and the FIR Class Members as a proximate result of the filing of the fraudulent information; (2) the costs of the action; and (3) attorneys' fees.

## JURY DEMAND

Plaintiffs request a trial by jury on their claims.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Permission for individuals who perform home healthcare services for Defendants in any manner, are classified as exempt employees, and have not been paid overtime premium for hours greater than forty (40) worked in a week, to opt-in to this action, pursuant to § 216(b) of the FLSA;

2. An Order certifying this action as a class action under Michigan IWOWA and designating Plaintiffs as representatives on behalf of all those similarly situated in the IWOWA Class;

3. An Order certifying this action as a class action under 26 U.S.C. § 7434 and designating Plaintiffs as representatives on behalf of all those similarly situated in the FIR Class;

4. All damages to which the Named Plaintiffs and class and collective members may be entitled;

5. Liquidated and multiple damages as allowed by law;

6. Damages pursuant to 26 U.S.C. § 7434(b) of not less than $5,000 per violation.

7. An injunction ordering Defendants to cease their violations of the law as described here;

8. Attorneys' fees and costs; and

9.  All other relief to which Plaintiffs are entitled.

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
Frances J. Hollander (P82180)
BLANCHARD & WALKER, PLLC
Attorneys for Plaintiff
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

Dated:  December 21, 2021