UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDY-ANN BOURNE and,
HANNAH TANNIS, individually
and on behalf of similarly situated
persons,

       Plaintiffs,

-vs-

ACE HOMECARE NETWORK,
INCORPORATED, and CORE
REHAB SERVICES, INC.,

       Defendants.

Case No. 2:21-cv-12983

Hon. Mark A. Goldsmith

Mag. Judge Kimberly G. Altman

---

| | |
|---|---|
| David M. Blanchard (P67190) | Michael L. Geller (P42862) |
| Frances J. Hollander (P82180) | Henry J. Andries, Jr. (P53669) |
| BLANCHARD & WALKER, PLLC | **STROBL SHARP PLLC** |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| 221 N. Main Street, Suite 300 | 300 E. Long Lake Rd., Ste. 200 |
| Ann Arbor, MI  48104 | Bloomfield Hills, MI  48304 |
| (734) 929-4313 | (248) 540-2300 |
| blanchard@bwlawonline.com | handries@strobllaw.com |
| hollander@bwlawonline.com | |

---

## DEFENDANT ACE HOMECARE NETWORK, INCORPORATED'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, Ace Homecare Network, Incorporated ("Defendant"), by and through its undersigned counsel, states as follows for its Answer and Affirmative Defenses to First Class and Collective Action Complaint (the "Complaint"):

1

## **INTRODUCTION**

1.      In response to Paragraph 1 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

2.      In response to Paragraph 2 of the Complaint, Defendant neither admits nor denies the allegations that "[c]aregivers work in excess of forty hours a week, sometimes over one hundred hours in a week" for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendant denies as untrue the remaining allegations.

3.      In response to Paragraph 3 of the Complaint, Defendant denies the allegations as untrue.

4.      In response to Paragraph 4 of the Complaint, Defendant admits that Plaintiffs worked for Defendant and provided caregiver services for residents at certain senior living facilities.  Defendant denies the remaining allegations as untrue.

5.      In response to Paragraph 5 of the Complaint, Defendant denies as untrue the allegations contained in the second sentence of the Paragraph.  Defendant neither admits nor denies the remaining allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## **JURISDICTION AND VENUE**

6.      In response to Paragraph 6 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendant further states that the allegation constitutes a conclusion of law to which no response is required.

7.      In response to Paragraph 7 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendant further states that the allegation constitutes a conclusion of law to which no response is required.

## **PARTIES**

8.      In response to Paragraph 8 of the Complaint, Defendant admits that Plaintiff Bourne provided caregiver related services for residents of certain American House senior living facilities from approximately July 2020 to the present. Defendant neither admits nor denies the remaining allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

9.      In response to Paragraph 9 of the Complaint, Defendant admits that Plaintiff Tannis provided caregiver related services for residents of certain American House senior living facilities from approximately July 2020 to late February of 2022. Defendant neither admits nor denies the remaining allegations for the reason that it

lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

10.     In response to Paragraph 10 of the Complaint, Defendant admits that Plaintiffs performed companionship and other assisted living services to residents. Defendant neither admits nor denies the remaining allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

11.     In response to Paragraph 11 of the Complaint, Defendant admits that it has a principal place of business in Madison Heights, Michigan, and that it contracted with certain American House senior resident facilities to provide or supply caregivers to residents of such facilities.  Defendant denies the remaining allegations as untrue.

12.     In response to Paragraph 12 of the Complaint, Defendant admits the allegations.

13.     In response to Paragraph 13 of the Complaint, Defendant admits that Defendant Core Rehab Services, Inc. ("Core") has a principal place of business in Troy, Michigan, and supplied independent contractor caregivers for certain American House residents.  Defendant denies as untrue the remaining allegations.

14.     In response to Paragraph 14 of the Complaint, Defendant admits the allegations.

15.     In response to Paragraph 15 of the Complaint, Defendant denies the allegations as untrue.

## COLLECTIVE DEFINITION

16.     In response to Paragraph 16 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

17.     In response to Paragraph 17 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendant further states that the allegation constitutes a conclusion of law to which no response is required.

18.     In response to Paragraph 18 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendant further states that the allegation constitutes a conclusion of law to which no response is required.

## CLASS DEFINITIONS

19.     In response to Paragraph 19 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

20.     In response to Paragraph 20 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information

sufficient to form a belief as to the truth of the allegations.

21.     In response to Paragraph 21 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendant further states that the allegation constitutes a conclusion of law to which no response is required.

## **GENERAL ALLEGATIONS**

22.     In response to Paragraph 22 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

23.     In response to Paragraph 23 of the Complaint, Defendant admits that it provides or supplies caregivers who perform companionship and other assisted services to residents of certain senior assisting living facilities.  Defendant denies the remaining allegations as untrue.

24.     In response to Paragraph 24 of the Complaint, Defendant denies the allegations as untrue.

25.     In response to Paragraph 25 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

26.     In response to Paragraph 26 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information

sufficient to form a belief as to the truth of the allegations

27.     In response to Paragraph 27 of the Complaint, Defendant denies the allegations as untrue.

28.     In response to Paragraph 28 of the Complaint, Defendant denies the allegations as untrue.

29.     In response to Paragraph 29 of the Complaint, Defendant denies the allegations as untrue.

30.     In response to Paragraph 30 of the Complaint, Defendant denies the allegations as untrue.

31.     In response to Paragraph 31 of the Complaint, Defendant denies the allegations as untrue.

32.     In response to Paragraph 32 of the Complaint, Defendant denies the allegations as untrue.

33.     In response to Paragraph 33 of the Complaint, Defendant denies the allegations as untrue.

**COUNT I**
**Unpaid Overtime Violation of**
**The Fair Labor Standards Act of 1938 ("FLSA")**

34.     In response to Paragraph 34 of the Complaint, Defendant repeats and incorporates herein by reference each of its answers to Paragraphs 1-33 of the Complaint.

35.     In response to Paragraph 35 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendant further states that the allegation constitutes a conclusion of law to which no response is required.

36.     In response to Paragraph 36 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendant further states that the allegation constitutes a conclusion of law to which no response is required.

37.     In response to Paragraph 37 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendant further states that the allegation constitutes a conclusion of law to which no response is required.

38.     In response to Paragraph 38 of the Complaint, Defendant admits that it had revenues in excess of $500,000 per year for 2020 and 2021.  Defendant neither admits nor denies the remaining allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

39.     In response to Paragraph 39 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendant further states that the allegation constitutes a conclusion of law to which no response is required.

40.    In response to Paragraph 40 of the Complaint, Defendant denies the allegations as untrue.

41.    In response to Paragraph 41 of the Complaint, Defendant denies the allegations as untrue.

42.    In response to Paragraph 42 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendant further states that the allegation constitutes a conclusion of law to which no response is required.

43.    In response to Paragraph 43 of the Complaint, Defendant denies the allegations as untrue.

**COUNT II**
**Unpaid Overtime Violation of**
**Improved Workface Opportunity Wage Act ("IWOWA")**
**(Rule 23 IWOWA Class as against all Defendants)**

44.    In response to Paragraph 44 of the Complaint, Defendant repeats and incorporates herein by reference each of its answers to Paragraphs 1-43 of the Complaint.

45.    In response to Paragraph 45 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendant further states that the allegation constitutes a conclusion of law to which no response is required.

46.     In response to Paragraph 46 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendant further states that the allegation constitutes a conclusion of law to which no response is required.

47.     In response to Paragraph 47 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendant further states that the allegation constitutes a conclusion of law to which no response is required.

48.     In response to Paragraph 48 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendant further states that the allegation constitutes a conclusion of law to which no response is required.

49.     In response to Paragraph 49 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendant further states that the allegation constitutes a conclusion of law to which no response is required.

50.     In response to Paragraph 50 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendant further states that the allegation constitutes a conclusion of law to which no response is required.

51.     In response to Paragraph 51 of the Complaint, Defendant denies the allegations as untrue.

52.     In response to Paragraph 52 of the Complaint, Defendant denies the allegations as untrue.

53.     In response to Paragraph 53 of the Complaint, Defendant neither admits nor denies the allegations for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendant further states that the allegation constitutes a conclusion of law to which no response is required.

54.     In response to Paragraph 54 of the Complaint, Defendant denies the allegations as untrue.

**COUNT III**
**False Information Return**
**(Rule 23 FIR Class against Defendants ACE Homecare and Core Rehab)**

55.     In response to Paragraph 55 of the Complaint, Defendant repeats and incorporates herein by reference each of its answers to Paragraphs 1-54 of the Complaint.

56.     In response to Paragraph 56 of the Complaint, Defendant neither admits nor denies the allegation because the express language of the cited statute speaks for itself.  Defendant denies as untrue any alleged violation of the cited statute.

57.     In response to Paragraph 57 of the Complaint, Defendant denies the allegations as untrue.

11

58.     In response to Paragraph 58 of the Complaint, Defendant denies the allegations as untrue.

59.     In response to Paragraph 59 of the Complaint, Defendant denies the allegations as untrue.

60.     In response to Paragraph 60 of the Complaint, Defendant denies the allegations as untrue.

61.     In response to Paragraph 61 of the Complaint, Defendant denies the allegations.

62.     In response to Paragraph 62 of the Complaint, Defendant denies the allegations as untrue.

63.     In response to Paragraph 63 of the Complaint, Defendant denies the allegations as untrue.

64.     In response to Paragraph 64 of the Complaint, Defendant denies the allegations as untrue.

## **JURY DEMAND**

Defendant relies upon Plaintiff's request for a trial by jury as to all claims triable by a jury.

## **<u>RELIEF REQUESTED</u>**

Defendant, ACE Homecare Network, Inc., respectfully requests that the Court dismiss with prejudice Plaintiffs' Complaint in its entirety, and award Defendant such other relief as the Court deems just and appropriate, including reasonable attorneys' fees, costs and expenses.

Respectfully submitted,

STROBL SHARP PLLC


 */s/   Henry J. Andries, Jr.*
Henry J. Andries, Jr. (P53669)
*Attorney for Defendant*
300 E. Long Lake Rd., Ste. 200
Bloomfield Hills, MI  48304
(248) 540-2300

Dated:  April 21, 2022

## AFFIRMATIVE DEFENSES

Defendant, Ace Homecare Network Incorporated, submits the following Affirmative Defenses to the Complaint:

1.     The Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

3.     Defendant invokes the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), the Improved Workforce Opportunity Wage Act, MCL §408.931 *et seq* ("IWOWA"), and the false information return act, 26 U.S.C. §7434.

4.     At all times, Defendant acted in good faith and had reasonable grounds for believing its actions complied with the applicable statutes.

5.     Defendant did not know or show reckless disregard for whether its alleged conduct was prohibited by the applicable statutes.

6.     This action is barred to the extent Plaintiffs seek recovery for time that is not compensable time, *i.e.* "hours worked" under the applicable statutes.

7.     Plaintiffs' claims for overtime compensation, in whole or in part, are barred because they were "exempt" from overtime compensation pursuant to the applicable statutes.

8.      Plaintiffs' claims are barred, in whole or in part, because they performed services for senior assisted living residents as independent contractors.

9.      In the alternative, Defendant is entitled to offset monies or other consideration paid or provided to Plaintiffs by Defendant for periods in which Plaintiffs were not engaged to work or over-reported alleged hours.

10.      Plaintiffs are not entitled to punitive/liquidated damages as Defendant did not act or fail to act in a manner sufficient to give rise to such damages or liability.

11.      Plaintiffs' action is barred, in whole or in part, because they seek to recover for time that is *de minimus* work time and thus not compensable under the applicable statutes.

12.      To the extent Plaintiffs seek damages not recoverable under the applicable statutes, Plaintiffs are barred from such recovery.

13.      Plaintiffs' claims are barred, in whole or in part, due to their own acts, omissions and/or unclean hands.

14.      Without assuming the burden of proof, Plaintiffs and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

15.      Plaintiffs have failed to mitigate their alleged damages.

16.     Plaintiffs claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or set-off.

17.     Some or all of Plaintiffs' claims are barred by accord and satisfaction, payment and/or release.

18.     Plaintiffs have failed to exhaust administrative remedies.

19.     Defendant's actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice.

20.     All actions taken by Defendant with respect to Plaintiffs and the purported class were supported by legitimate business reasons.

21.     Defendant reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

Respectfully submitted,

STROBL SHARP PLLC


  /s/   Henry J. Andries, Jr.
Henry J. Andries, Jr. (P53669)
*Attorney for Defendant*
300 E. Long Lake Rd., Ste. 200
Bloomfield Hills, MI  48304
(248) 540-2300
handries@strobllaw.com

Dated:  April 21, 2022

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 21, 2022, I electronically filed *Defendant Ace Homecare Network, Incorporated's Answer and Affirmative Defenses to Complaint* and this *Certificate of Service* with the Clerk of the Court using the CM/ECF e-file system, which will send notice of electronic filing to the parties.

*/s/   Henry J. Andries, Jr.*

Henry J. Andries, Jr. P53669
Strobl Sharp PLLC
300 E. Long Lake Rd., Ste. 200
Bloomfield Hills, MI  48304
(248) 540-2300
handries@strobllaw.com

*S&B\58307\001\ANSWER\SB776484.DOCX

17