## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LINDY-ANN BOURNE and
HANNAH TANNIS, individually
and on behalf of similarly                    Case No. 2:21-cv-12983
situated persons,
                                              Hon. Mark A. Goldsmith
            Plaintiffs,

v.

ACE HOMECARE
NETWORK, INC., and
CORE REHAB SERVICES, INC.,

            Defendants.

---

## PLAINTIFFS' MOTION TO RE-OPEN CASE AND
## FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS

The undersigned counsel certifies that counsel made no attempt or a limited attempt to seek concurrence in the relief requested by this motion because of the following exceptional circumstances. Pursuant to the Settlement Agreement between the parties, Defendants have already agreed to allow Plaintiff to file a motion and seek entry of a default judgment if they failed to make timely settlement payments as part of the settlement of all claims in this lawsuit. As outlined in detail below, Defendants have failed to correct the latest default for the overdue June 2023 settlement payment. This is the fourth monthly settlement payment that has not been paid in a timely manner by Defendants during the calendar year of 2023.

Plaintiffs Lindy-Ann Bourne and Hannah Tannis, by and through their attorneys, Blanchard & Walker, PLLC and pursuant to Fed. R. Civ. P. 54 and 55, move for the Court to enter the agreed upon Order and Judgment that all parties approved as part of the October 2002 Settlement Agreement in this matter.

1. On October 4, 2022, the Parties entered into a written Settlement Agreement ("Settlement Agreement"), providing for payment by Defendants to Plaintiffs the total sum of Ninety Thousand Dollars and Zero Cents ($90,000.00) (the "Gross Settlement Amount"). (Exhibit 1).

2. On March 1, 2023, Plaintiffs' Counsel served a notice of default when Defendants failed to make timely settlement payments in January 2023 and February 2023. (Exhibit 2).

3. On May 8, 2023, Plaintiffs' Counsel served a second notice of default when Defendants failed to make a timely settlement payment in April 2023. (Exhibit 3).

4. On July 6, 2023, Plaintiffs' Counsel served a third notice of default when Defendants failed to make a timely settlement payment in June 2023. (Exhibit 4).

5. On or before July 13, 2023, Defendants failed to correct the notice of default and provide the June 2023 settlement payment within 7 days of receipt of the default notice.

6.    Defendants have repeatedly failed to make timely settlement payments as outlined in the Settlement Agreement almost every month in 2023 so far.

7.    In addition to the June 2023 payment, Defendants also have settlement payments due by the last day of the month for July 2023 and August 2023.

8.    Plaintiffs have no reason to believe that Defendants will send the settlement payments for July and August 2023 on a timely manner because of the pattern of untimeliness throughout 2023.

9.    Paragraph 13 of the Parties' Settlement Agreement provides that in the event that Defendants do not pay each installment of the Gross Settlement Amount pursuant to the Settlement Agreement, Defendants consent to Entry of Judgment of Default in the gross amount of One Hundred Twelve Thousand Five Hundred Dollars and Zero Cents ($112,500.00), plus pre-judgment interest accruing monthly at a rate of 5% (less any payments already made pursuant to the Settlement Agreement) in a form of a Default Judgment and Plaintiffs' reasonable attorney fees and costs incurred in enforcing such a default ("Default Judgment").

10.    Defendant has paid Seventy-Six Thousand Five Hundred Dollars and Zero Cents ($76,500.00) of the Gross Settlement Amount.  Therefore, the default amount is $112,500.00 minus $76,500.00 for a total of $36,000.00.

11.    The Parties agreed to dismiss this case with prejudice, subject to reinstatement if Defendants failed to pay the Gross Settlement Amount pursuant to

the Settlement Agreement. Plaintiffs reserved the right to re-open this case to obtain a default judgment against Defendants in the event of default.

12.     Defendants are in default of the terms of the Settlement Agreement.

13.     Venue is proper pursuant to 28 U.S.C. § 1332.

14.     Defendants are competent to enter into a Consent Default Judgment.

15.     Defendants are liable to Plaintiffs in the amount of Thirty-Six Thousand Dollars and Zero Cents ($36,000.00) pursuant to the Parties' Settlement Agreement.

16.     Plaintiffs are entitled to their reasonable attorneys' fees and costs incurred in reopening the case for purposes of entering the default judgment pursuant to the Settlement Agreement, or the sum of One Thousand Two Hundred and Fifty-Five Dollars and Zero Cents ($1,255.00) as of today's date, however, this amount may change as necessary to file a reply brief in support of their motion, participate in oral argument of the pending motion, and the necessary preparation of additional pleadings to enforce the judgment.

17.     The Court had dismissed this action by way of a stipulated order of dismissal on October 12, 2022. (ECF No. 29).  It was also administratively closed on this date.

18.     This stipulated dismissal was conditional that Defendants would meet all terms of the Settlement Agreement.

## **<u>RELIEF REQUESTED</u>**

Plaintiff respectfully requests that this Court grant her Motion to Re-Open This Matter and Enter Judgment Against Defendants, jointly and severally, in the amount of Thirty-Seven Thousand Two Hundred and Fifty-Five Dollars and Zero Cents ($37,255.00), plus pre-judgment interest accruing at a rate of 5% (accruing monthly from the date of default) and continuing to accrue at rate through the date of collection of the judgment, and any additional attorneys' fees and costs required to effectuate this Judgment.

A proposed Order and Judgment is being submitted for the Court's consideration using the ECF's Utilities Function.

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
BLANCHARD & WALKER, PLLC
Attorneys for Plaintiffs
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com

Dated: July 14, 2023

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LINDY-ANN BOURNE and
HANNAH TANNIS, individually
and on behalf of similarly
situated persons,

                Plaintiffs,

v.

ACE HOMECARE
NETWORK, INC., and
CORE REHAB SERVICES, INC.,

                Defendants.

Case No. 2:21-cv-12983

Hon. Mark A. Goldsmith

---

## PLAINTIFF'S BRIEF IN SUPPORT OF THEIR MOTION TO RE-OPEN CASE AND FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS

## STATEMENT OF ISSUES PRESENTED

I.     Whether the Court should re-open this case to preside over Defendants failure to meet the terms of the Parties' Settlement Agreement pursuant to 28 U.S.C. § 1332?

       Plaintiffs say, "Yes"

       Defendants say, "Yes" by way of their execution of the Settlement Agreement between the Parties attached as Exhibit 1 to this motion.

II.     Whether the Court should enter Default Judgment Against Defendants in the above-captioned matter for their failure to correct the notice of default and have not made timely settlement payments for four months in 2023 so far as outlined in the Parties' Settlement Agreement.

       Plaintiffs say, "Yes"

       Defendants say, "Yes" by way of their execution of the Settlement Agreement between the Parties attached as Exhibit 1 to this motion.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

FED. R. CIV. P. 54

FED R. CIV. P. 55

*Russell v. City of Farmington Hills*, 34 Fed. App'x. 196, 198 (6th Cir. 2002) (citing *Eitel v. McCool*, 782 F.2d. 1470, 1472 (9th Cir. 1986))

## I.      INTRODUCTION

As outlined in the accompanying motion, Defendants have failed to correct the default that was properly notice and served on July 6, 2023.  This is the fourth monthly settlement payment that Defendants have failed to timely send to Plaintiffs' Counsel in the last six months.

As such, Plaintiffs are now seeking the Court to re-open this matter and for entry of default judgment against Defendants. Plaintiffs will serve copies of this motion upon all Defendants, by way of their corporate attorney and retained legal counsel by electronic mail.

For the reasons stated in the accompany motion and brief below, Plaintiff requests that this Court re-open this matter and to enter Default Judgment against Defendants for their failure to correct the default that was properly served upon them.

## II.     ARGUMENT

FED. R. CIV. P. 54 permits parties to demand for judgment be entered and award costs and attorney's fees. Fed. R. Civ. P. 55 also permits entry of Default Judgments by the court.

"When considering whether to enter a default judgment, a court should take into account: 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed

material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 Fed. App'x. 196, 198 (6th Cir. 2002) (citing *Eitel v. McCool*, 782 F.2d. 1470, 1472 (9th Cir. 1986)). As applied to this matter:

1) ***Possible prejudice to the Plaintiffs:*** Plaintiffs have repeatedly been denied prompt and timely settlement payments as outlined in the Settlement Agreement between the Parties. Four of the last six monthly payments have been late according to the terms of the Settlement Agreement. (Exhibit 1). Moreover, every day of continued non-payment puts Plaintiffs at further risk that all of the settlement funds will never be recovered from Defendants.

2) ***The merits of the claims:*** This is a non-issue because Defendants entered into a Settlement Agreement with Plaintiffs to resolve all claims.

3) ***The sufficiency of the complaint:*** This is a non-issue because Defendants entered into a Settlement Agreement with Plaintiffs to resolve all claims.

4) ***The amount of money at stake:*** This is a non-issue because Defendants entered into a Settlement Agreement with Plaintiffs to resolve all claims.

5) ***Possible disputed material facts:*** This is a non-issue because Defendants entered into a Settlement Agreement with Plaintiffs to resolve all claims and that Plaintiffs could seek default judgment if they did not correct default notices in a timely manner. .

2

6) ***Whether the default was due to excusable neglect:***  Plaintiffs, by way of the accompanying motion and this brief, have provided substantial evidence that Defendants repeatedly failed to meet the terms of the Settlement Agreement between the Parties.

7) ***The preference for decisions on the merits:***  In light of Defendants' willful failure to meet the terms of the Settlement Agreement, there should be no preference for a decision on the merits.  Defendants were put on notice of their rights and obligation to make timely settlement payments and meet the terms of the Settlement Agreement.

## III.   CONCLUSION

Plaintiff respectfully requests that this Court grant her Motion to Re-Open This Matter and Enter Judgment Against Defendants, jointly and severally, in the amount of Thirty-Seven Thousand Two Hundred and Fifty-Five Dollars and Zero Cents ($37,255.00), plus pre-judgment interest accruing at a rate of 5% (accruing monthly from the date of default) and continuing to accrue at rate through the date of collection of the judgment, and any additional attorneys' fees and costs required to effectuate this Judgment.

A proposed Order and Judgment is being submitted for the Court's consideration using the ECF's Utilities Function.

3

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
BLANCHARD & WALKER, PLLC
Attorneys for Plaintiffs
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com

Dated: July 14, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 14, 2023, my paralegal, Natalie Walter, filed the foregoing document using the Court's ECF system, which will provide electronic notice to all of the attorneys of record in the above-captioned matter.

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
BLANCHARD & WALKER, PLLC
Attorneys for Plaintiff
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com